FILED
2018 Oct-03 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| PAUL D. CARLILE,  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SOCIAL SECURITY  )<br>ADMINISTRATION,  )<br>COMMISSIONER,  )<br>  )<br>    Defendant.  )<br>  )<br>  ) | 3:10-cv-2778-LSC |

**MEMORANDUM OF OPINION**

**I.  Introduction**

Before the Court is the "Memorandum in Support of the Appeals Council's Dismissal," filed by Defendant, the Commissioner of the Social Security Administration ("Commissioner"). (Doc. 11.) For the following reasons, this action is due to be dismissed and judgment entered in favor of the Commissioner.

**II.  Background**

On May 2, 2008, Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income pursuant

to the Social Security Act.[1] (Tr. at 4). After an initial denial and a hearing before an Administrative Law Judge ("ALJ"), on December 3, 2009, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Social Security Act. (Tr. at 1-10). The ALJ sent a copy of the decision to both Plaintiff and his attorney, notifying Plaintiff of his right to seek Appeals Council review within 60 days of his receipt of the decision if he disagreed with the decision. (Tr. at 1-3). The notice stated that "[t]he Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time." (Tr. at 1).

Plaintiff, though counsel, submitted a request for review of the ALJ's decision to the social security office in Florence, Alabama, sometime after February 8, 2010. (Tr. at 27). Plaintiff's counsel's cover letter to the request for review is dated February 12, 2010, but there is no evidence that the field office received it on that date. (Tr. at 11, 27). The actual request for review has a date stamp as being transmitted by facsimile from Plaintiff's counsel's office on February 18, 2010. (Tr. at 15).

---

[1] The Social Security Administration administers a national plan of contributory social insurance for retired or disabled persons and their survivors and dependents under the Social Security Act, 42 U.S.C. § 1305.

On August 12, 2010, the Appeals Council dismissed Plaintiff's request for review. (Tr. at 24-28). The Appeals Council explained that although Plaintiff's counsel stated that he did not receive the ALJ's decision until December 14, 2009, there was no evidence that Plaintiff did not timely receive his notice of the ALJ's decision. (Tr. at 27). The Appeals Council further noted that while Plaintiff's counsel stated, based on his receipt date, that the request for review was due February 12, 2010, there was no evidence that the request was received by the agency by that date. (Tr. at 27). The date it was received by the social security office was covered, while the facsimile date stamp on the request indicates the request was sent February 18, 2010. (Tr. at 27). The Appeals Council concluded that Plaintiff did not set forth any reason that would warrant finding good cause for a late filing of his request for review and dismissed the request. (Tr. at 27). The Appeals Council advised Plaintiff of his right to seek judicial review of the dismissal pursuant to Acquiescence Ruling ("AR") 99-4(11), 1999 WL 1137369, and *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). (Tr. at 24-25).

On October 14, 2010, Plaintiff filed a Complaint in this Court, seeking judicial review pursuant to AR 99-4(11) and *Bloodsworth*. (Doc. 1.) On January 21, 2011, the Commissioner moved to remand the case back to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g), because further

proceedings were needed to produce Plaintiff's complete administrative record before the civil lawsuit could proceed. (Doc. 5.) The Court granted the motion and dismissed this action on January 25, 2011. (Doc. 6.) Nearly eight years later, the Commissioner filed its Answer in this case, listing as an Affirmative Defense that Plaintiff failed to timely exhaust his administrative remedies. (Doc. 8.) The Clerk of Court reopened the case and entered a briefing schedule to the parties on December 15, 2017. (Doc. 10.) Plaintiff has not filed a brief in support of his Complaint. The Commissioner's brief in support of the Appeals Council's dismissal is thus presently before the Court, and this action is ripe for disposition.

## III. Standard of Review

At issue is whether the Appeals Council abused its discretion in dismissing Plaintiff's request for review of the ALJ's hearing decision denying Plaintiff disability benefits. Congress has given courts "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). In the Eleventh Circuit, an Appeals Council's dismissal of a request for review due to untimeliness constitutes a "final decision" subject to judicial review. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

When reviewing Appeals Council dismissals, the Court may only consider whether the Appeals Council's refusal to grant an extension of time was an abuse of discretion. *See Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) ("All that this Court may consider pursuant to [*Bloodsworth*] is whether the Appeals Council abused its discretion in dismissing Plaintiff's tardy request for review"). No abuse of discretion exists unless the Appeals Council has acted "arbitrarily or unreasonably," such as by failing to consider relevant factors or by committing a clear error of judgment. *Langford v. Fleming,* 276 F.2d 215, 218 (5th Cir. 1960); *see also Atlanta Gas Light Co. v. F.E.R.C.,* 140 F.3d 1392, 1397 (11th Cir. 1998).

## III. Discussion

The Appeals Council properly exercised its discretion in dismissing Plaintiff's untimely request for review of the ALJ's decision. As an initial matter, because Plaintiff's request for review was dismissed, this Court does not have jurisdiction to review the merits of Plaintiff's claim for disability benefits. *Waters*, 184 F. Supp. 2d at 1341. To hold otherwise "would essentially read out of the administrative scheme the requirement that a claimant seek review at the Appeals Council level." *See id*. Thus, the only issue before this Court is whether the

Appeals Council abused its discretion in dismissing Plaintiff's untimely request for review. *See id.*

A claimant who desires Appeals Council review of an ALJ decision has 60 days after the date that he receives notice of the decision to file a written request for review. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1). The date of receipt is presumed to be 5 days after the date on the notice unless the claimant shows that he did not receive it within the 5-day period. *See* 20 C.F.R. §§ 404.901, 416.1401. The Appeals Council will dismiss a request for review if the claimant did not file the request within the stated period of time and the time for filing has not been extended. *See* 20 C.F.R. §§ 404.971, 416.1471.

A claimant may ask that the time for filing a request for review be extended. *See* 20 C.F.R. §§ 404.968(b), 416.1468(b). The request for an extension of time must be in writing, filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the stated time period. *Id.* If the claimant shows that he had good cause for missing the deadline, the time period will be extended. *Id.* To determine whether good cause exists, the Appeals Council considers: (1) what circumstances kept the claimant from making the request on time; (2) whether the agency's action misled the claimant; (3) whether the claimant did not understand the requirements of the Act resulting from

amendments to the Act, other legislation, or court decisions; and (4) whether the claimant had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented the claimant from filing a timely request or from understanding or knowing about the need to file a timely request for review. 20 C.F.R. §§ 404.911(a), 416.1411(a).

Here, the ALJ's decision was dated December 3, 2009, giving Plaintiff until February 8, 2010, to submit his request for review by the Appeals Council.[2] (Tr. at 1). The fact that Plaintiff did not file a request for review by this time is not disputed. Rather, sometime around February 12, 2010, Plaintiff's counsel presented to the agency that he did not receive notice of the ALJ's decision until December 14, 2009, and thus, asserted that he had good cause for not filing a request for review earlier. (Tr. at 11). As the Appeals Council recognized, however, Plaintiff's counsel made no averments about when *Plaintiff* received the notice of decision, which receipt would have been the trigger for Plaintiff's time to file the request for review. (Tr. at 27). *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1). Moreover, there is no evidence that Plaintiff's counsel even met the deadline for submitting the request for review that he stated applied, February 12, 2010, as the actual request shows it was faxed from Plaintiff's counsel's office on February 18,

---

[2] Sixty-five days after December 3, 2009, is Saturday, February 6, 2010. Plaintiff presumably would have been given until the next business day to file his request.

2010. (Tr. at 15, 27). Plaintiff's counsel thus did not raise any matter that would tend to show good cause for the untimely filing, and the Appeals Council reasonably declined to extend the time for filing and dismissed the request. *See* 20 C.F.R. §§ 404.911, 416.1411; *Waters*, 184 F. Supp. 2d at 1341 (noting claimant did not demonstrate an impediment or confusion as to why she could not timely file a request for review and affirming the Appeals Council's dismissal).

Accordingly, the Appeals Council did not abuse its discretion in finding that Plaintiff failed to meet the deadline for requesting review and that there was no good cause to extend the time for filing, and dismissing Plaintiff's request for review.

## IV. Conclusion

In light of the foregoing, this case is due to be dismissed and judgment entered in favor of the Commissioner. A separate closing order will be entered.

**DONE** AND **ORDERED** ON OCTOBER 3, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704